**Demark DIXON, Plaintiff–Appellant,**

v.

**The ADMINISTRATIVE APPEAL DEPARTMENT OFFICE OF INFORMATION AND PRIVACY, The Federal Bureau of Investigation Freedom of Information Privacy Act Department, The United States Department of Justice, Respondents–Appellees.**

No. 08–1381–cv.

United States Court of Appeals, Second Circuit.

July 8, 2009.

Demark Dixon, pro se, Otisville, NY.

Daniel P. Filor, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondents–Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Demark Dixon appeals from a January 23, 2008 judgment entered in the United States District Court for the Southern District of New York (Kaplan, *J.*) dismissing the amended complaint as moot and denying leave to amend and appointment of counsel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dixon challenges the district court's denial of leave to amend the complaint a second time. We review the denial of leave to amend a complaint for abuse of discretion. *See Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999). A district court may deny leave to amend when amendment would be futile. *See Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir.2006).

The district court (adopting Magistrate Judge Michael H. Dolinger's Report and Recommendation filed December 30, 2007) denied Dixon leave to amend on the ground that amendment would be futile, because Dixon would not be entitled to appointment of an expert under the Criminal Justice Act, 18 U.S.C. § 3006A, or the Freedom of Information Act, 5 U.S.C. § 552. We affirm the denial of Dixon's motion for leave to amend for substantially the reasons stated in Magistrate Judge Dolinger's thorough and well-reasoned opinion.

Dixon's brief does not challenge the dismissal of his amended complaint as moot; thus, he has waived any challenge to the dismissal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that *pro se* appellant abandoned issue by failing to raise it in his appellate brief).

We have considered Dixon's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**